UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-MJ-03482-TORRES

UNITED STATES OF AMERICA

v.

PAOLA SOTO,

        Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?      ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___ Yes ✓ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
THOMAS A. WATTS-FITZGERALD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.    0273538
99 N.E. 4th Street
Miami, Florida 33132
Tel:     305-961-9413
Fax:    305-536-4651
Email:  thomas.watts-fitzgerald@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| PAOLA SOTO, | ) Case No. 19-MJ-03482-TORRES |
|  | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 13 and April 4, 2019__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 545 | SMUGGLING WILDLIFE INTO THE UNITED STATES |
| 16 U.S.C. 3372(a)(1) | IMPORTING WILDLIFE IN VIOLATION OF LAW/TREATY |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

VICTOR PENALOZA, SPECIAL AGENT, USFWS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/13/2019

_____
*Judge's signature*

City and state: MIAMI, FLORIDA

MAGISTRATE JUDGE EDWIN G. TORRES
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Victor Penaloza, being first duly sworn, depose and state as follows:

1. I am a Special Agent ("SA") of the United States Fish and Wildlife Service ("FWS" or "Service"), Office of Law Enforcement, and am therefore an "investigative or law enforcement officer" of the United States within the meaning of Title 16, United States Code, Section 3375. As such, I am a Federal Law Enforcement Officer within the meaning of Rule 41(a), Federal Rules of Criminal Procedure and have held such designation since May 2016. During that time, I have worked as a Special Agent in the Miami, Florida, Office of Law Enforcement conducting investigations into the trafficking and smuggling of endangered and protected wildlife. Prior to my employment with the Service, I was a Special Agent for the U.S. Department of Homeland Security (DHS), Homeland Security Investigations (HSI) for approximately 7 years. With DHS/HSI, I conducted multiple investigations including the smuggling of contraband into and out of the United States.

2. Based on my training and experience, I am familiar with the laws and regulations primarily enforced by the FWS, such as the Lacey Act, Title 16, United States Code, Sections 3371, et seq.; and the Endangered Species Act, Title 16, United States Code, Section 1531, et seq.

3. During my employment with FWS, I have had extensive training into violations of Federal wildlife related criminal laws of persons suspected of illegally importing, exporting, taking, possessing, and trafficking in fish and wildlife. Because of my training and experience, as well as the corporate knowledge and experience of other Service agents across the United States, I am familiar with the methods commonly used by fish and wildlife dealers and traders to import, export, collect and sell fish, wildlife and plants in interstate and foreign commerce.

4. I am making this affidavit in support of an application for an arrest warrant authorizing the arrest of PAOLA SOTO for violations of the following laws; Title 18, United States Code, Sections 545 (smuggling goods into the

United States), , Title 16, United States Code, Sections 3372(a)(1) (import wildlife transported in violation of any law, treaty or regulation of the United States) and Section 1538(c)(1) (engage in any trade in any specimens contrary to the provisions of the Convention on International Trade in Endangered Species of Wild Fauna and Flora [CITES] or possessing any specimens traded contrary to the provisions of CITES), Title 50, Code of Federal Regulations, Sections 23.27 (unlawfully import or trade in any Appendix I, II or III species without a CITES document) and Section 14.61 (fail to declare wildlife imported into the U.S).

5. The information in this affidavit is based on: (1) my personal observations while conducting the investigation described, in part, below; (2) Service agents' interviews of subjects; (3) information provided to me by witnesses; other investigating agents from HSI and U.S. Customs and Border Protection (CBP); (4) information obtained by means of electronic and photographic evidence provided by the aforementioned.

## Legal Background

6. Title 18, United States Code, Section 545, makes it unlawful to import merchandise into the United States contrary to law.

7. At all times relevant hereto, all species of the Caiman (*Caiman spp.*) population have been designated as either an endangered or threatened species under the Endangered Species Act. 50 C.F.R. Part 17.11.

8. At all times relevant hereto, all species of the Caiman (*Caiman spp.*) population have been designated as CITES Appendix I or II species

9. The Lacey Act, Title 16, United States Code, Section 3372(a)(1), makes it unlawful for any person to import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States.

2

10. The Endangered Species Act (ESA), Title 16, United States Code, Section 1538(c)(1), makes it unlawful for any person subject to the jurisdiction of the United States to engage in any trade in any specimens contrary to the provisions of CITES or to possess any specimens traded contrary to the provisions of CITES.

11. Title 50, Code of Federal Regulations, Section 23.13, makes it unlawful to import or trade in any Appendix I, II or III species without a CITES document.

12. Title 50, Code of Federal Regulations, Section 14.61 makes it unlawful to fail to declare wildlife imported into the U.S.

### Investigation of Paola Soto

13. On or about February 5, 2013, FWS Wildlife Inspector (WI) Kevin Swiechowicz and CBP Officer Z. Saleh conducted an inbound inspection of SOTO at John F. Kennedy International Airport (JFK) upon SOTO's arrival from Colombia. SOTO was identified by her U.S. Passport and Florida driver's license. Upon inspection, SOTO failed to declare the following wildlife items: two hundred and forty-eight (248) brown caiman (*Caiman crocodilus fuscus*) swatches and skin pieces on rings, four (4) brown caiman (*Caiman crocodilus fuscus*) bracelets, one (1) brown caiman (*Caiman crocodilus fuscus*) wrapped container, seven (7) brown caiman (*Caiman crocodilus fuscus*) finished handbags, one (1) brown caiman (*Caiman crocodilus fuscus*) and reticulated python (*Python reticulatus*) finished handbag, one (1) brown caiman (*Caiman crocodilus fuscus*) and mink (*Neovison sp.*) finished handbag, eleven (11) mink (*Neovison spp.*) skins, and three (3) design books containing a total of one hundred and fourteen (114) pages of brown caiman (*Caiman crocodilus fuscus*) swatches, twenty-four (24) pages of reticulated python (*Python reticulatus*) swatches, and one (1) page of anaconda (*Eunectes sp.*) swatches. All of these items were seized for failure to provide the required CITES permit. All of the finished wildlife items were labeled as "Nancy Gonzalez," DBA Gzuniga, Ltd (GZLTD).

14. Following the seizure mentioned, SOTO stated to WI Swiechowicz that she (SOTO), as an employee of GZLTD, and had previously accompanied commercial CITES shipments from Colombia to JFK on behalf of GZLTD. SOTO also stated she had knowledge of CITES permits and was aware of the reporting requirements in regards to the import and export of wildlife.

15. On March 13, 2019, CBP officers detained four (4) passengers arriving from Colombia at Miami International Airport (MIA) for attempting to import commercial quantities of wildlife items without declaration. The passengers were Viviana Valdes Hernandez, Viviana Patricia Campo Tamayo, Hector Alexander Mejia Salinas and SOTO. Each of the passengers had seven (7) designer bags labeled "Nancy Gonzalez" and made from caiman skin (*Caiman spp.*). In total, twenty-eight (28) caiman-skin designer bags were detained by CBP and subsequently transferred to FWS. SOTO completed and signed a CBP Detention form in regards to the seven (7) caiman-skin designer bags in her possession on March 13, 2019.

16. On March 14, 2019, SOTO and Valdes Hernandez met with FWS WI Sylvia Gaudio at the FWS Miami Office concerning the caiman-skin designer bags seized the previous day. SOTO and Valdes Hernandez claimed ownership and completed a FWS Abandonment form in regard to fourteen (14) of the caiman-skin bags.

17. On March 15, 2019, Campo Tamayo met with WI Gaudio at the FWS Miami Office about the March 13, 2019 seizure and completed a FWS Abandonment form with respect to seven (7) caiman-skin bags. Tamayo stated she (Campo Tamayo) was directed to abandon the seven (7) bags by SOTO and Valdes Hernandez.

18. On March 19 and 21, 2019, WI Gaudio received emails from SOTO regarding the seized caiman-skin bags, wherein SOTO sought to confirm that the case was closed and that there would be no further consequences. SOTO stated in the emails that it was clear to her (SOTO) that the incident with the seized caiman-skin bags could not be repeated. SOTO also stated the caiman-skin designer bags were for an event in New York.

19. On March 22, 2019, WI Gaudio received an email from Mejia Salinas stating that he (Mejia Salinas) had returned to Colombia and had been instructed by SOTO to contact WI Gaudio regarding the seized caiman-skin bags. Mejia Salinas further stated the bags were for an event in New York. Mejia Salinas subsequently submitted a FWS Abandonment form for seven (7) caiman-skin designer bags to WI Gaudio via email.

20. On April 4, 2019, CBP officers at MIA detained Martha Juliana CIFUENTES SOTO, a Colombian national arriving from Cali, Colombia, for failing to declare three (3) designer handbags made from caiman skin (*Caiman spp.*). CBP officers seized the three (3) caiman-skin designer handbags and contacted FWS and HSI agents.

21. On April 4, 2019, HSI Special Agents (SA) Dave Mondanaro and Kenny Silva, along with FWS SA Victor Penaloza, conducted a search of CIFUENTES SOTO cell phone under Customs border search authority and discovered WhatsApp messages between "PAOLA SOTO" and CIFUENTES SOTO in the Spanish language. "PAOLA SOTO" was a saved contact in CIFUENTES SOTO'S cell phone.

22. The WhatsApp messages between SOTO and CIFUENTES SOTO, dating from April 2 to April 4, 2019, were a conversation in which SOTO offered CIFUENTES SOTO a job transporting bags from Colombia to Miami, FL. SOTO stated that CIFUENTES SOTO would be paid $170.00 for this job. CIFUENTES SOTO accepted the job and sent SOTO a photo of her Colombian passport via WhatsApp. SOTO sent CIFUENTES SOTO a screen shot of the flight details, an American Airlines flight from Cali to Miami on April 4, 2019, and a return flight on American Airlines on April 5, 2019. SOTO also offered CIFUENTES SOTO an early morning ride to the airport on April 4, 2019 to ensure CIFUENTES SOTO would not miss the flight to Miami.

23. On April 4, 2019, SA Mondanaro, SA Kenny Silva and SA Penaloza interviewed CIFUENTES SOTO regarding the three (3) caiman-skin designer bags seized by CBP officers at MIA. Despite initially giving false

5

statements to the Agents, CIFUENTES SOTO admitted her cousin, PAOLA SOTO, organized the trip to import the three (3) caiman-skin bags into the U.S for commercial purpose. CIFUENTES SOTO also stated SOTO paid for the airline tickets and gave an additional $170.00 USD to CIFUENTES SOTO for delivery of the bags. CIFUENTES SOTO stated the designer bags were to be mailed to New York City upon her arrival at Miami. SOTO was to provide the New York City address. CIFUENTES SOTO further stated she had brought designer bags from Colombia to the U.S. for commercial purposes in February, June and September 2018, bringing two (2) designer bags on each trip. CIFUENTES SOTO advised she was instructed by SOTO to bring the designer bags to the U.S., and to wear one (1) of the designer bags and place the others in a suitcase to avoid declaring the bags as a commercial shipment. CIFUENTES SOTO also stated SOTO implemented a method of transporting designer bags for commercial purpose via passenger airline, by using multiple travelers and then having all of the bags collected by one of the travelers after arriving in the U.S.

24.  In September 2019, SA Penaloza conducted FWS database queries for SOTO and discovered one (1) declared import of five (5) caiman-skin designer bags from South Korea to New York on July 26, 2018. The exporter, Common Wealth, completed an export CITES permit for the bags. SOTO had received the five (5) caiman-skin bags on behalf of GZLTD. SA Penaloza found no CITES permits on record for the caiman-skin designer bags imported by SOTO on March 13 and April 4, 2019.

25.  Your Affiant therefore respectfully requests, based on the facts set forth in this affidavit, the issuance of an arrest warrant for Paola SOTO, for violations of the Title 18, United States Code, Section 545, smuggling goods into the United States contrary to law and Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A),

importing wildlife transported in violation of any law, treaty or regulation of the United States.

FURTHER AFFIANT SAYETH NAUGHT

                                                                Special Agent Victor Penaloza
                                                                U.S. Fish & Wildlife Service

Signed and sworn to before
me at Miami, Florida,
this __13TH__ day of September 2019.

EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

7